FILED

2024 OCT 25 PM 2:42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES



# UNITED STATES DISTRICT COURT

for the

Central District of California

Western Division

K.Lavender, in pro se

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

COVID-19 Rent Relief et al., City of Pasadena Rental Stablization Board, John Doe 1 to 20

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 2:24-cv-09224-JAK(PDx)
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
**(28 U.S.C. § 1332; Diversity of Citizenship)**

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | K. Lavender |
| Street Address | 1822 East Route 66 |
| City and County | Glendora, California |
| State and Zip Code | 91740 |
| Telephone Number | 424-324-8503 |
| E-mail Address | |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | COVID-19 Rent Relief et al., |
| Job or Title *(if known)* | Various to be provided in court, |
| Street Address | 2020 West El Camino Avenue, Suite 200 |
| City and County | Sacramento |
| State and Zip Code | California, 95833; |
| Telephone Number | 1-833-430-2122 |
| E-mail Address *(if known)* | Support@ca-rentrelief.com, |

Defendant No. 2

| | |
|---|---|
| Name | City of Pasadena et al., |
| Job or Title *(if known)* | Rent Stablization Department |
| Street Address | 100 N Garfield Ave S228 |
| City and County | Pasadena, Los Angeles County |
| State and Zip Code | California 91101 |
| Telephone Number | (626) 744-7999 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* ______________________

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual

   The plaintiff, *(name)* K. Lavender, is a citizen of the State of *(name)* California.

2. If the plaintiff is a corporation

   The plaintiff, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

   The defendant, *(name)* COVID-19 Rent Relief and City of Pasadena, is a citizen of the State of *(name)* California, John Doe 1 to 20. Or is a citizen of *(foreign nation)* ______________________.

2. If the defendant is a corporation

   The defendant, *(name)* ______________________, is incorporated under the laws of the State of *(name)* ______________________, and has its principal place of business in the State of *(name)* ______________________. Or is incorporated under the laws of *(foreign nation)* ______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**C. The Amount in Controversy**

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

To be determined by the court for all causes of action, which includes and is not limited to racial discrmination, fraud, corruption, privacy violations, and infliction and emotional distress,

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff, *(name)* K.Lavender, and the defendant, *(name)* As stated for each defendant known and unknown by law, made an agreement or contract on *(date)* 2021-2023. The agreement or contract was *(oral or written)* written. Under that agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)*

This Court has jurisdiction over the claims for relief asserted herein pursuant to Article 6, Section 10 of the Constitution of the State of California, which grants the United States District Court Centra District West "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction over Plaintiffs' claims to another court. 2. This Court has jurisdiction over all defendants because upon information and belief, each defendant is a resident of California, has sufficient minimum contacts in California, owns, do businesses in and for, and manages real property situated in California, and/or otherwise intentionally avails itself of the California market so as to render this Court's jurisdiction over it consistent with traditional notions of fair play and substantial justice.

Section 1802. - FINDINGS.

(a)

WHEREAS, according to the U.S. Census Bureau's American Community Survey (ACS) 1-year estimates, as of 2018, a significant majority (57.7 percent) of all occupied units in the City were occupied by renter households; and

(b)

WHEREAS, African American and Hispanic or Latino households are disproportionately renter households. According to the U.S. Census Bureau's ACS 1-year estimates, in 2018, 69.7 percent of African American households were renters while 67.7 percent of Hispanic or Latino households were renters; and

COVID-19 Rent Relief Program in their missions, policy and by laws for their fundings by the federal and or state government statement as well as by conduct agree to based upon the plantiff signing up for the program: on December 2020 and followed up since 2024 provided appeal upon appeal with many moving parties from this agency and others as named Housing is Key and the COVID-19 rent relief program has provided rent relief to other tenants where the plaintiff stayed or elsewhere who were not of color and applied after her for rent funding as promised by each defendant received rent funding except for her following the rules and application processes.

The COVID-19 Tenant Relief Act comprises of three state laws. These laws are AB 3088 (Chapter 37, Statutes of 2020), SB 91 (Chapter 2, Statutes 2021), and AB 832 (Chapter X, Statutes of 2021). AB 3088 initially imposed statewide protections on evictions between March 1, 2020 and January 31, 2021 for tenants unable to pay some or all of their rent due to COVID-19-related financial distress provided the tenant timely submitted to their landlord a signed Declaration of Financial Distress. SB 91 extended these protections through June 30, 2021. Subsequently, with the enactment of AB 832, these state eviction protections have been extended to September 30, 2021. These existing state eviction protections are coupled with financial assistance available to eligible households that have accumulated unpaid rent since March 1, 2020, and who are in need of assistance going forward.

COVID_19 Rental Debt from March 1, 2020 to August 31, 2020

Subject to certain exceptions, if a tenant has experienced COVID-19-related financial distress and has not been able to pay part or all of the rent to their landlord between March 1, 2020, and August 31, 2020, the tenant cannot be evicted for failure to pay rent so long as they sign and return a Declaration of COVID-19-related financial distress (Declaration) to the landlord within 15 days of receiving a Declaration form from the landlord. The tenant will need to submit to his/her landlord a new declaration each time the landlord serves the tenant with a new 15-Day Notice to Pay or Quit. The landlord may serve the tenant with one 15-Day Notice to Pay or Quit covering several months or separate 15-Day Notices to Pay or Quit for each month of unpaid rent.
[Code of Civil Procedure Section 1179.02(f), 1179.03(b).] each claim the defendants from Essex Property and Trust claimed in court they served the plantiff were served illegally because they failed to provide this information to the City of Pasadena, who igonored the plantiffs request for assistance, but the defendants were allowed to proceed in the illegal eviction.

COVID-19 Rental Debt from September 1, 2020 to September 30, 2021

Subject to certain exceptions, if a tenant has experienced COVID-19-related financial distress and has not been

able to pay part or all of the rent to their landlord between September 1, 2020, and September 30, 2021, the tenant cannot be evicted for failure to pay rent so long as they sign and return a Declaration of COVID-19-related financial distress (Declaration) to the landlord within 15 days of receiving a Declaration form from the landlord, AND, on or before September 30, 2021, the tenant pays at least 25% of each rental payment that was due, or will be due, between September 1, 2020, and September 30, 2021. The tenant will need to submit to his/her landlord a new declaration each time the landlord serves the tenant with a new 15-Day Notice to Pay or Quit. The landlord may serve the tenant with one 15-Day Notice to Pay or Quit covering several months or separate 15-Day Notices to Pay or Quit for each month of unpaid rent. Ms. Lavender has uploaded these documents several times into the "housing is Key Portal and have spoken to various moving parties for this and still continued to receive denial of payments to assist her each time. The defendants also asked her to reapply and she did and upon each application, the defendants denied her funding, and made her go through a lengthy appeal process, dragging on the months to ensure that she could not qualify for funding prior to the expiration date of funding by asking her to send in redundant information that she already submitted in the portal several times. The defendants "COVID-19 rent relief" and it's said employee's continued to move working parties making the application process complex, as they have not done so with other people who applied for this program, asking the defendant to appeal for no reason at all. Ms. Lavender has complied and still has not heard any finalized response other than the defendants trying to cover themseleves by sending her the required information only to cover up their wrong doings making it appear as if they are in compliance for funding with legal authorities, federal and state and funders.
[Code of Civil Procedure Section 1179.02(i), 1179.03(c).]

Based upon this information COVID-19 rent relief has offered these programs to the defendant but denied her request for assistance after filling out one appeal after the next from 2020-present, until this present day to pay for the plaintiffs rent and has continued to do amongt The COVID-19 Relief staff and its said entities has violated Ms. Lavender's privacy rights for failing to disclose to her they were providing her information to various moving parties such as Housing is Key, and Stay Housed LA and unamed and moving parties online to deny her funding as they have done so to said other individuals of color as stated by law. Ms. Lavender abided by all the rules and regulations for applying online and was denied rental assistance when others in her unit who were not of color applied after her received rental assistance from this program as the landlords from her apartment complex assisted individuals who were not of color to receive these payments (African Americans) others who were not did (Asians, and Whites). The landlords due to Ms. Lavender reporting her rights to safety and live comfortably she rented from "Essex Properties and Trust, et al., and all entities worked collaboratively with Housing is Key to deny Ms. Lavender her rental funding, in retaliation for her complaining to the "Civil Rights Department of the State of California, EEOC, and other assistant agencies.

The City of Pasadena compliance departments, and rental stabilzation boards, was notifed about rental hazards, where she resided for violations in the health and safety code for vermin, discrimination, violation of privacy in her bathroom, illegal entry into her unit, harassement and illegal renal eviction notices, which violated Measure H rules, and othr legal regulations. She contacted the Rental Stablization board who only acted upon Ms. Lavender being evicted upon her reaching out to them after her finding out about it, which The City of Pasadena Rental Stabilazation board only apologized to her for not responding (as they do have access to court cases in their courts) continued to allowed Essex Properties and Trust, and Essex Properties and Trust et al., to wrongfully evict Ms. Lavender in retaliation for her reporting civil rights, violation codes, Mesaure H codes, and health and safety Codes, and report her issues to the Mayor of this city as well as violation of privacy, complaince violations from the City for her spartment owned by Essex Properties and Trust and Essex Properties and Trust of Sieerra Madre et al, she continued to be harassed at her residence located at 3360 East Foothill Blvd Pasadena, California and then filed a theft and harassement report the City of Pasadena Police Department where she did not receive any outcome from her filed report of these retalitory and acts from either party.

Essex Properties and Trust and Essex Properties and Trust of Sierra Madre et al., signed a rental contract several times with Ms. Lavender from 2016- 2022, and illegally violated Housing is Key and COVID-19 rental assistance program rules by threating her to pay her rent. After Ms. Lavender reported them yearly for health and safety code violations, complaince, painting her door of her residence black, and rental discrmination, the

moving parties of these companies begin refusing Ms. Lavender to pay her rent, took her to court to illegally evict her (violating Measure H laws, and was allowed to do so by the City of Pasadena). Ms. Lavender responded to a lawsuit sealed in the superior court house stating that she was served paperwork, which she did not (and is a felony in the State of California to do so using a court name and papers) she responded to the unknown lawsuit that she found out by only receiving paperwork from the court house in Pasadena. She then notified the City of Pasadena to request assistance but their parties still did not reply to her for assistance. As a result of this, Ms. Lavender had to move out after her illegal court hearing (the City of Pasadena Rent Stabilzation was made aware of prior to the court date) for her unlawful detainer and vacated the premises on June 20, 2024, and was treated less than human while doing so as she made request to move her items. The defendants also kept Ms. Lavender's rent security deposit, refused to do a walk through exit with her, and refused to tell her who their lawyer was at the present time she moved, continues to send Ms. Lavender emails as she has let them know she has a lawyer and to stop, Ms. Lavender does have an attorney for this apartment complex and its subdiaries but these defendants have broken all laws both legally criminal (violation of Privacy, rental increase, retaliation for reporting her living situation in her apartment for health and safety, corruption, credit collection laws, slander, threats etc. ) and Civil (discrimination, color, race, creed, ancestry). Ms. Lavender also attempted to notify the enviornmental services department due to the constant spraying of pest and rat droppings in her apartment, which the City of Pasadena, stated they had no control over the measure (not disclosed at anytime to Ms. Lavender but only later from Proposition 65 of hazardous chemicals in her unit so she called the state and received no answer. Ms. Lavender per contract or during her move in was never notified of any hazardous chemicals within her residence or on the property until a tenant pointed them out to her in 2024, (this notice was not posted in any building or on any rental contracts since the day she moved in which Proposition 65 states, requires businesses (an apartment complex such as Essex is a business as well, is to provide warnings to Californians about significant exposures to chemicals that cause cancer, birth defects or other reproductive harm.In addition, Ms. Lavender continued to call the Pasadena Humane society for dog urine, and feces in front of the black door the landlords painted, more frequently and each including Essex Properties and Trust, and Essex Properties and Trust Sierra Madre (moving parties) address the issue.

The notice Ms. Lavender received dated December 2023, as well as the she obtained in and from the Pasadena Court House, for January 2024 do not comply with Measure H (Article XVIII Section 1803 (cc)(3-4)): Any written Notice to Cease must Inform the Tenant of the right to request a reasonable accommodation; (4) Inform the Tenant of the contact number for the Rental Board.

None of the notices the plaintiff received informed her of her rights to request a reasonable accommodation and provide the contact number for the Pasadena Rental Board from

Essex Property and Trust and Essex Properties and Trust of Sierra Madre AKA the Stuart of Sierra Madre or the City of Pasadena, which had jurisdiction over tenants paying rent in the city in ordinance with Measure H laws. Over the months the landlord alleges non-payment of rent they claimed Ms. Lavender did not pay, and upon her attempting to they not only changed the rental location, locked her out of a third-party website "rent café", and other locations she attempted to pay based upon the landlords' instructions, to do so where she could pay in 2023. The defendants continued to refuse to take her rent in 2024. The plaintiff also experienced significant habitability issues during her stay such as (lack of hot water, cockroaches). The warnings the plaintiff received from the landlord in October/November 2023 (not physically served but in her mailbox after are great proof of this.

---

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)*

The duty to affirmatively further fair housing applies to the Department and extends to all of its activities and programs relating to housing and community development, including the administration of the Emergency Rental Assistance Program. Gov. Code § 8899.50(b)(1). Structural and institutionalized racism have created disparities in access to wealth and housing opportunity, and as a result, Black households are more likely to be renters, more likely to experience severe rent burden, and more likely to face eviction as compared to white households. As a result of these entrenched, historically rooted racial disparities, Black people are also more likely to need rental assistance in order to avoid eviction and homelessness. These racialized harms are reflected in the ERAP applicant pool; Black tenants were more likely than other tenants to be facing eviction when they applied for rental assistance with the Department. Ms. Lavender was informed by other tenants their security deposits were $500.00, which hers was $4,035, to move in different cost in comparison to all the tenants who were not of color or African American's had paid more than this.

Each defendant's failure to provide due process in the rental assistance program disproportionately harms Black tenants, and exacerbates underlying patterns of segregation, lack of access to housing-related opportunities and underrepresentation of Black people among the homeless. Each defendants' actions are in direct contravention of its duty to further fair housing and to foster compliance with civil rights and fair housing laws. Each defendant has a clear, present, ministerial duty to comply with its duty to affirmatively further fair housing. Each has a beneficial interest in the performance of COVID-19 Rent Relief and HDS duties. Unless compelled by this Court to comply with its legal obligations, each defendant will continue to deny tenants' rental assistance without providing due process, a harm which disproportionately harms Black tenants and violates the duty to affirmatively further fair housing.

Each defendant has neglected to perform their duties to do the following and not limited to

The Fair Employment and Housing Act makes it unlawful to make unavailable or deny a dwelling based on discrimination because of race, color, or national origin, and to act or fail to act in a way that has the effect of unlawfully discriminating on the basis of race, color, or national origin. Gov. Code §§ 12955, 12955.8(b). 84. The Fair Employment and Housing Act also makes it unlawful for HCD to discriminate through financial assistance practices because of race, color, and national origin. Gov. Code § 12955; 2 CCR § 12100(a).

Government Code section 11135 provides that "No person in the State of California shall, on the basis of race…[or] national origin, …. be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency." 97. This prohibition against discrimination applies to respondent Department of Housing and Community Development as a state agency. Gov. Code § 11135(a). 98. Petitioners and their members are persons protected by the anti-discrimination provisions based on their racial identification and national origin. Id.; 2 CCR § 11154(b).2 99. Government Code section 11135 prohibits government agencies from affording "a person the opportunity to participate in or benefit from an aid, benefit or service that is not equal to that afforded others" on the basis of a protected category. 100. Recipients of funds are also prohibited from utilizing "methods of administration that have the purpose or effect of subjecting a person to discrimination on the basis of ethnic group identification, or (2) have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the recipient's program with respect to a person of a particular ethnic group identification…." 2 CCR § 11154(i). 101. Each defendant has violated Government Code section 11135 by failing to afford Petitioners and their members full and equal access to ERAP. have the purpose or effect of subjecting a person to discrimination on the basis of ethnic group identification

Each defendant has violated both civil rights, contractual, and consitutional rights of the plantiff in the actions to provide the plaintiff equal opportunity to fair housing, funding distribution, and payment just as others had the rights to for her living situations because she is African American, and has violated her housing, rental rights, and court rights within the consitution of the United States to uphold laws of Measure H to protect her from each defendants willingness not to provide her equal distrubutions concerning their programs as a resident.

Exhibits will be introduced in court, due to each plaintiff's experenices with the defense to exhibit conspiracy like behavior to cover up wrongdoings. The plaintiffs in this case is in fear of further retaliation related to

previous experiences with each defendant to deny claims, delay and defend themselves unconsitutionally an unequally. The plaintiff is still experiencing homelessness, due to the defendants continious behaviors to black list her for reporting illegal activities along with other parties involved in wrong doings.

The plaintiff has complied with the plaintiff's obligations under the contract.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Therefore, the plaintiff respectfully requests that this Court The similar compensatory damages, which anyone of color or anyone else who have suffered from COVID-19 rent relief denials, the plantiff is requesting the judge to provide to the Plantiff, in the same manner to:
Issue a peremptory writ of mandate and preliminary and permanent injunctive relief prohibiting Respondents from denying rental assistance to tenants without providing pre-denial notice sufficient to permit tenants to understand the basis for denial and how they can remedy any defects in the application; access to all documents HCD, City of Pasadena, COVID-19 Rent Relief, Housing is Key, ERAP, and Essex Properties and Trust, and Essex Properties and Trust Sierra Madre, et al., considered in making the initial denial; and an opportunity for tenants to give oral testimony to those officials deciding their appeals. HCD, City of Pasadena, COVID-19 Rent Relief, Housing is Key, ERAP, and Essex Properties and Trust, and Essex Properties and Trust Sierra Madre, et al., has violated the Due Process Clause of the California Constitution, Government Code section 11135, Government Code section 8899.50, the Fair Employment and Housing Act, and the California Public Records Act in its administration of the rental assistance program and refusal to provide public records related to the program. Award Petitioners their reasonable attorneys' fees and costs incurred in bringing this action; and award such further relief as the Court deems just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/25/24

Signature of Plaintiff K. Lavender

Printed Name of Plaintiff K. Lavender

**B. For Attorneys**

Date of signing: 10/25/24

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address